UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 21-122 |
| BENJAMIN TEKIPPE | SECTION M |

**ORDER & REASONS**

Before the Court is an omnibus motion *in limine* filed by the United States of America (the "Government") seeking to exclude certain evidence and arguments.[1] The Government seeks to preclude defendant Benjamin Tekippe from introducing the following items at trial:

1. Argument, testimony, or other evidence of specific acts of good conduct, including Tekippe's legitimate billing or his provision of legitimate services, as circumstantial proof that he did not commit the crimes alleged in the indictment, because, says the Government, such evidence is not relevant to the charges alleged in the indictment, constitutes improper character evidence under Rule 405(b) of the Federal Rules of Evidence, and is more prejudicial than probative under Rule 403 of the Federal Rules of Evidence.

2. Testimony about his own (or his agents') self-serving, exculpatory statements made to law enforcement agents, investigators, or other witnesses, because, says the Government, such statements are inadmissible hearsay.

3. Interview reports prepared by law enforcement agents to impeach Government witnesses with prior inconsistent statements, because, says the Government, the interview reports

---

[1] R. Doc. 100. According to the parties' agreed-upon scheduling order (R. Doc. 99), the defendant was required to file his opposition to the motion by February 21, 2025. He did not file any opposition.

are not the statements of a witness unless the witness has subscribed to or otherwise adopted the statements as his or her own.

    4. Evidence or argument suggesting selective prosecution, because, says the Government, that issue should be raised via a motion to dismiss.

    5. Argument that the Government failed to call a particular witness, because, says the Government, Tekippe can subpoena any witness available to the Government.

    6. Any evidence concerning the substance of plea negotiations, plea offers, or Tekippe's rejection of any plea offer, because, says the Government, it is irrelevant.

    7. Any evidence or argument blaming Blue Cross Blue Shield of Louisiana or the Louisiana Workforce Commission for failing to take precautions to protect themselves from fraud, waste, and abuse, or failing to detect the fraud earlier, because, says the Government, the blame-the-victim defense is irrelevant in a fraud case.

    8. Any evidence or argument related to harm or prejudice to Tekippe caused by being under indictment, such as a negative change in his reputation, strain on his family, affect on his employment, or any other unfavorable consequence, because, says the Government, it is irrelevant under Rule 401, more prejudicial than probative under Rule 403, and creates an impermissible risk of jury nullification.

    9. Any evidence concerning the potential sentence or impact of a conviction on Tekippe's life, including, but not limited to, any disciplinary actions taken by licensing boards, or the impact on his future earning capacity and family, because, says the Government, it is irrelevant and creates an impermissible risk of jury nullification.

    10. Any evidence or argument, whether during opening statement, witness examination, or closing argument, concerning Tekippe's family circumstances, specifically, his son's illness,

because, says the Government, it is irrelevant, more prejudicial than probative, and creates an impermissible risk of jury nullification.

Having considered the Government's motion *in limine*, Tekippe's failure to respond, the record, and the applicable law, the Court agrees with the Government's position on all points. Accordingly,

IT IS ORDERED that the Government's motion *in limine* (R. Doc. 100) is GRANTED in its entirety.

New Orleans, Louisiana, this 24th day of February, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE