UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

BENJAMIN TEKIPPE

CRIMINAL ACTION

NO. 21-122

SECTION M (2)

**ORDER & REASONS**

On February 24, 2025, this Court granted, in its entirety, an omnibus motion *in limine* filed by the United States of America (the "Government").[1]  As part of that Order, the Court excluded from trial:

> [a]rgument, testimony, or other evidence of specific acts of good conduct, including [the defendnat's] legitimate billing or his provision of legitimate services, as circumstantial proof that he did not commit the crimes alleged in the indictment, because, says the Government, such evidence is not relevant to the charges alleged in the indictment, constitutes improper character evidence under Rule 405(b) of the Federal Rules of Evidence, and is more prejudicial than probative under Rule 403 of the Federal Rules of Evidence.[2]

Defendant Benjamin Tekippe seeks clarification of that Order, arguing that the Court should permit the introduction into evidence of his total billings submitted to Blue Cross Blue Shield of Louisiana ("BCBSLA"), so that he can assert the defenses of mistake of fact and lack of intent to defraud.[3]  He argues that he submitted over 30,000 bills to BCBSLA, and the examples of fraudulent bills alleged in the indictment constitute only 0.02% of his total billings to BCBSLA.[4]

The Government responds to the motion, stating that it does not object to the introduction into evidence of all of Tekippe's billings to BCBSLA over the relevant period, and in fact, it

---

[1] R. Doc. 101 (citing R. Doc. 100).  The defendant did not oppose the motion.
[2] *Id.*
[3] R. Doc. 105.
[4] *Id.*

intends to introduce them.[5]  However, the Government objects to Tekippe's characterization that the alleged fraudulent billing is only 0.02% of his total billings to BCBSLA because the indictment alleges only a few examples of many fraudulent bills.[6]  As such, the Government objects to Tekippe introducing instances of proper billing as evidence that he lacked intent to defraud BCBSLA as improper good acts evidence and also to Tekippe characterizing the examples of fraudulent billing alleged in the indictment as constituting only 0.02% of Tekippe's total bills to BCBSLA.

Considering the parties' memoranda, the record, and the applicable law,

IT IS ORDERED that Tekippe's motion for clarification is GRANTED, as to allowing the introduction into evidence of his total billings to BCBSLA.  The motion is DENIED, however, as to allowing Tekippe to argue that the total billings shows that he lacked intent to defraud and that the examples of fraudulent billings alleged in the indictment constitute only 0.02% of the total amount of Tekippe's bills to BCBSLA.

New Orleans, Louisiana, this 14th day of March, 2025.


_____

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[5] R. Doc. 108.
[6] *Id.*